Frank WILLIAMS *v.* STATE of Arkansas

CR 93-988                                        883 S.W.2d 821

Supreme Court of Arkansas
Opinion delivered October 3, 1994

*Thomas A. Potter*, for appellant.

No Response.

PER CURIAM. On February 12, 1993, Frank Williams, Jr. was convicted of capital murder and sentenced to death by lethal injection. He appealed his conviction on March 4, 1993, and was granted a stay of execution on March 29, 1993. The trial court also gave Williams seven months from the conviction judgment to lodge the record which made the record due on September 12, 1993.

On September 10, 1993, the court reporter, Betty Voltz, indicated she could not complete the transcript in order for the record to be filed on September 12, 1993, so on September 10, 1993, defense counsel, Thomas A. Potter, petitioned this court for a writ of certiorari directing the clerk of the trial court to file a complete record. We denied the petition on September 27, 1993, without prejudice to file other motions.

On October 1, 1993, Williams filed a motion for reconsideration and attached an affidavit of the court reporter, stating she could have the record prepared if given thirty additional days. On October 25, 1993, we denied Williams' motion for reconsideration, granted a writ of certiorari to the clerk of the court of Lafayette County and directed it was returnable on November 24, 1993. At the same time, the clerk of this court instructed that Williams' brief would be due forty days after the return of the writ and the state's brief was to be due thirty days after Williams' brief was filed. The record was filed in the supreme court clerk's office on November 22, 1993.

On November 24, 1993, Williams' counsel filed a motion for extension of time to file abstract and brief, asking for 120 days. That motion was granted, making Williams' abstract and brief due on March 31, 1994.

On March 28, 1994, Williams' counsel requested sixty additional days which this court also granted making his abstract and brief due on May 30, 1994. However, on May 27, 1994, Williams' counsel filed another motion asking he be given another sixty-day extension, or until July 29, 1994. That additional time, too, was granted, but counsel was informed no further extensions would be given. Counsel failed to file his abstract and brief on the July 29, 1994 due date, nor did the court have any commu-

nication from him that his brief would not be filed. Instead, on August 15, 1994, the state filed its motion to dismiss this appeal, stating Williams had not sought permission to file a belated brief. On September 26, 1994, counsel filed a motion to file a belated abstract and brief but tendered neither an abstract nor brief. In addition, on September 27, 1994, Mr. Williams filed a pro se motion requesting his counsel be relieved.

As of today, Williams has had nearly ten months from the original due date to file an abstract and brief. Because the abstract and brief have not been filed or tendered, we set a hearing date on Monday, October 17, 1994, at 9:00 a.m., and direct Williams' counsel, Thomas A. Potter, to appear and show cause why he should not be held in contempt for failing to file the abstract and brief in this cause.